**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DELON CLARK,

       Plaintiff,

v.                                       Case No. 2:14-cv-8067-WJM-MF

FRANKLIN COLLECTION SERVICE, INC.,

       Defendant.

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

      NOW COMES Plaintiff, DELON CLARK ("Plaintiff"), by and through her undersigned counsel, and hereby respectfully submits her instant Response in Opposition to Defendant's Motion to Dismiss Pursuant to *Fed. R. Civ. P. 12(b)(6)*.  In support thereof, Plaintiff hereby states as follows:

**I.**    **INTRODUCTION AND FACTUAL BACKGROUND**

      On December 29, 2014, Plaintiff filed her Complaint with this Honorable Court alleging that Defendant has engaged in practices violative of the Fair Debt Collection Practices Act ("FDCPA), *15 U.S.C. § 1692 et seq*.  (Dkt. #1).  *See* also Plaintiff's Complaint attached hereto as "Exhibit A."   Specifically, Plaintiff alleges that Defendant sent a written correspondence to Plaintiff in August of 2014 which violated Plaintiff's rights under Section(s): §1692d, §1692e, §1692e(4), §1692e(5) and §1692e(10).   (Dkt. #1); Exhibit A.   In support of Plaintiff's allegations, Plaintiff attached to her Complaint a true and correct copy of the August 14, 2014 correspondence from Defendant in addition to Plaintiff's Declaration in Support.  (Dkt# 1-2; 1-3).

As set for in Plaintiff's Complaint, Plaintiff's factual allegations were plead as follows:

10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt stemming from a personal AT&T consumer account with an approximate balance of $74.57.

11.     In its ordinary course of business, Defendant sought to collect the alleged debt owed by sending Plaintiff collection notices ("dunning letters") via U.S. Postal Mail to Plaintiff's West New York, New Jersey residence.

12.     Defendant intentionally sent at least one (1) collection notice to Plaintiff during the months of June 2014 through August 2014.

13.     On or about August 14, 2014, Defendant caused to be mailed, and Plaintiff received, a collection notice seeking to collect the alleged debt.  (See Exhibit A).

14.     Defendant's August 14, 2014 collection notice, in pertinent part, reads:
"IF YOU ARE NOT PAYNG THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961"(See Exhibit A).

15.     Defendant's August 14, 2014 correspondence also refers to the alleged debt as "FCSI CASE #" 024939232.  (Exhibit A).

16.     Upon receipt of Defendant's August 14, 2014 correspondence, Plaintiff became concerned that Defendant's reference to a "Case #" and instructions to contact an "attorney" regarding "defenses" and Defendant's "remedies" pertained to legal action, including an immediate lawsuit, wage garnishment and/or property seizure.

17.     Defendant intended the August 14, 2014 correspondence to be interpreted as a reference to imminent legal action and other legal remedies absent immediate payment by Plaintiff.

18.   What is more, Defendant's August 14, 2014 correspondence refers to Defendant as a collection "firm." Defendant is a corporation engaged in debt collection and is not a "firm" as the least sophisticated consumer would interpret "firm" to me, i.e., a law firm.

19.   Plaintiff believes and thereon alleges that Defendant has no intention whatsoever to initiate litigation against Plaintiff for the alleged balance owed as the total sum due is $74.57 and thus any reference to a "Case #" and instructions to contact an "attorney" regarding Plaintiff's "defenses" and Defendant's "remedies" is a false threat of legal action which Defendant does not intend to carry out.

(Dkt. #1); Exhibit A.  By way of Plaintiff's allegations, Plaintiff alleges that Defendant's conduct violates the FDCPA and sought statutory damages of $1,000.00, reasonable attorney's and costs, and any other relief deemed prior by this Court.  (Dkt. #1); Exhibit A.

On February 9, 2015, Defendant responded to Plaintiff's Complaint with a Motion to Dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*.  (Dkt. #6).  Defendant seeks to dismiss Plaintiff's entire Complaint on the basis that Plaintiff's Complaint fails as whole to plead any violations of the FDCPA. Based upon the points and authorities *infra*, Defendant is simply incorrect, and Plaintiff's Complaint more than adequately pleads violations under the FDCPA.   Thus, Defendant's motion should be denied in its entirety.  In the alternative, Plaintiff requests leave of Court to file a First Amended Complaint.

## II.      STANDARD OF REVIEW

"In a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. All factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir.1996)*. The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

*Wyler Summit Partnership v. Turner Broadcasting Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998)." Medialdea v. Law Office of Evan L. Loeffler PLLC 2009 WL 1767185, Pg. 1 (W.D.Wash.,2009).*

Further, "the allegations of the complaint must be accepted as true. *See Cruz v. Beto, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).* The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963).* In general, the Complaint is construed favorably to the pleader. *See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Watts v. Allstate Indem. Co. 2009 WL 1905047, Pg. 3 (E.D. CA 2009).*

Defendant has failed to meet its burden in the present matter.  Plaintiff's Complaint clearly and effectively informs the Defendant of the conduct to which Plaintiff complains of as well as clearly and concisely informs the Defendant under what legal theories Plaintiff seeks relief.

## III.   ARGUMENT

### A.   The FDCPA is a Broad Consumer Protection Statute Which is to be Liberally Construed to Protect the Least Sophisticated Consumer from Unlawful Collection Practices by Enacting a Strict Liability Standard Against Those Who Violate the Act

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692 et seq.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, both generally and in a specific list of disapproved practices, and prohibit harassing and abusive tactics, both generally and in a specific list of disapproved practices.

In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. § 1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers.  15 U.S.C. § 1692(b).  It is the express purpose of the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).

      **1.**    **The FDCPA Broadly Prohibits Unfair or Unconscionable Collection Efforts, Conduct Which Harasses, Oppresses or Abuses Any Debtor, and Any False, Deceptive or Misleading Statements In Connection with the Collection of a Debt**

The FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  Simply, designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, the FDCPA

broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements, in connection with the collection of a debt. *Baker v. G.C. Services Corp.*, 677 F. 2d 775 (9th Cir. 1982); *Heintz v. Jenkins*, 514 U.S. 291 (1995); *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

### 2.        The FDCPA Imposes a Strict Liability Standard

The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232 (5th Cir. 1997); *see also Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000); *Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.,* 969 F. Supp. 609 (D. Nev.1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *Irwin v. Mascott,* 112 F. Supp. 2d 937 (N.D. Cal. 2000) (since the FDCPA is a strict liability statute, no showing of intent was necessary to establish liability.); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); *Turner v. J.V.D.B. & Associates, Inc.,* 330 F. 3d 991, 995 (7th Cir. 2003) (holding unintentional misrepresentation that debtor was obligated to pay a debt discharged in bankruptcy violated the FDCPA); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D. N.Y. 2006); *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993); *Baker v. G. C. Servs. Corp.,* Clearinghouse No. 31, 230 (D. Or. 1981), *aff'd* 677 F. 2d 775 (9th cir. 1982).

### 3.        The FDCPA Must Be Liberally Construed in Favor of   Consumer-Debtors

The FDCPA is a remedial statute. *Hamilton v. United Healtcare of Louisiana, Inc*., 310 F. 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc*., 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq*., is a

remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107, 1117 (10th Cir. 2002).

### 4. The FDCPA is to be Interpreted In Accordance with the Least Sophisticated Consumer Standard

The FDCPA is to be interpreted in accordance with the "least sophisticated" or "unsophisticated" consumer standard. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985) (adopting the "least sophisticated" consumer standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (noting that statutory notice under FDCPA is to be interpreted from perspective of "least sophisticated debtor" standard); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988) (holding that provisions of the FDCPA are to be judged under the "least sophisticated debtor" standard); *Gammon v. GC Services Ltd. Partnership*, 27 F. 3d 1254 (7th Cir. 1994) (using the "unsophisticated consumer," rather than the "least sophisticated consumer," in order to protect consumers who are uninformed, naive or trusting, while admitting objective element of reasonableness). The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive debt collection practices, and protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices. *Clomon v. Jackson*, 988 F. 2d 1314 (2d Cir. 1993).

### B. Plaintiff's Claims are Well-Plead and Should Not be Dismissed

Plaintiff alleges that Defendant has violated numerous provisions of the FDCPA. Specifically, Plaintiff alleges that the Defendant has violated §§ *1692d*, *1692e*, *1692e(4)*, *1692e(5) and 1692e(10)* of the FDCPA. (See Exhibit A). For each alleged violation, Plaintiff has pled factual allegations that more than adequately support her claims for relief. Although Plaintiff's complaint is somewhat brief, Contrary to Defendant's assertion, it is well pled and

sufficient to meet the pleading standards set forth by Rule 8 of the *Federal Rules of Civil Procedure* as interpreted by the United States Supreme Court in *Twombly* and *Iqbal*.

First, the underlying requirement is that a pleading give fair notice of the claim being asserted and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 US 554, 555 (2007). Second, a complaint's factual allegations must show the pleader is entitled to relief by alleging enough facts to state a claim to relief that is plausible on its face. *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal* 129 S.Ct. 1937, 1950 (2009) Applying these principles, the court may choose to start by identifying pleadings that are not entitled to the assumption of truth because they are no more than legal conclusions, and then assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement of relief. *Id*.

First, fair notice is not lacking in this case. Plaintiff's complaint clearly indicates that she is alleging claims for violations of the FDCPA based upon a written communication sent to Plaintiff seeking payment for an alleged debt owed. (See Exhibit A). When these factual allegations are taken together with the text of the complaint citing to specific provisions of the FDCPA, specific verbiage/language in Defendant's August 14, 2014 correspondence and specific subsections of the FDCPA which Defendant has allegedly violated, no reasonable reader can say that they do not know what claims are being asserted or the grounds upon which they rest. Accordingly, Plaintiff's complaint provides Defendant with the requisite fair notice.

Second, Plaintiff's well-pleaded factual allegations plausibly give rise to an entitlement of relief. To establish a claim for civil liability under the FDCPA, one must only establish that a debt collector failed to comply with *any* provision of subchapter V of chapter 41 of Title 15 (i.e. 15 U.S.C. §§ 1692-1692p). *15 U.S.C. § 1692k(a)*. In this case, Plaintiff's complaint alleges that

Defendant violated several provisions of the FDCPA, and it does so through well plead factual allegations.  (See Exhibit A).

     **1.**     **Plaintiff's §1692d Claim is Well Pled and Should Not Be Dismissed**

*15 U.S.C. § 1692d* provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection  with the collection of a debt."  In support of her claims, Plaintiff plead as follows in her Complaint:

> 10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt stemming from a personal AT&T consumer account with an approximate balance of $74.57.

> 11.     In its ordinary course of business, Defendant sought to collect the alleged debt owed by sending Plaintiff collection notices ("dunning letters") via U.S. Postal Mail to Plaintiff's West New York, New Jersey residence.

> 12.     Defendant intentionally sent at least one (1) collection notice to Plaintiff during the months of June 2014 through August 2014.

> 13.     On or about August 14, 2014, Defendant caused to be mailed, and Plaintiff received, a collection notice seeking to collect the alleged debt.  (See Exhibit A).

> 14.     Defendant's August 14, 2014 collection notice, in pertinent part, reads:

> "IF YOU ARE NOT PAYNG THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961" (See Exhibit A).

> 15.     Defendant's August 14, 2014 correspondence also refers to the alleged debt as "FCSI CASE #" 024939232.  (Exhibit A).

> 16.     Upon receipt of Defendant's August 14, 2014 correspondence, Plaintiff became concerned that Defendant's reference to a "Case #" and instructions to contact an "attorney" regarding "defenses" and Defendant's "remedies" pertained to

legal action, including an immediate lawsuit, wage garnishment and/or property seizure.

17.     Defendant intended the August 14, 2014 correspondence to be interpreted as a reference to imminent legal action and other legal remedies absent immediate payment by Plaintiff.

18.     What is more, Defendant's August 14, 2014 correspondence refers to Defendant as a collection "firm." Defendant is a corporation engaged in debt collection and is not a "firm" as the least sophisticated consumer would interpret "firm" to me, i.e., a law firm.

19.     Plaintiff believes and thereon alleges that Defendant has no intention whatsoever to initiate litigation against Plaintiff for the alleged balance owed as the total sum due is $74.57 and thus any reference to a "Case #" and instructions to contact an "attorney" regarding Plaintiff's "defenses" and Defendant's "remedies" is a false threat of legal action which Defendant does not intend to carry out.

(Exhibit A).  Further, Plaintiff attached the August 14, 2014 correspondence to her Complaint and attached a declaration from Plaintiff which confirmed as follows:

I, Delon Clark, hereby state and declare as follows:

1.     I am an adult over the age of 18 and a resident of the City of West New York, State of New Jersey.

2.     I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.     The alleged debt that Defendant sought to collect from me was for an allegedly unpaid AT&T account which was used for personal, family and/or household purposes.

4.     Defendant sent at least one (1) collection notice to me during the months of June 2014 through August 2014, seeking to collect the alleged AT&T debt.

5.      Sometime shortly after August 14, 2014, I received a collection notice from Defendant dated August 14, 2014.  A true and correct copy of that correspondence is attached to my Complaint as "Exhibit A."  I did not edit or alter "Exhibit A" to my Complaint in any way, shape or form.

6.      Defendant's August 14, 2014 collection notice read:

"IF YOU ARE NOT PAYNG THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961"

7.      Defendant's August 14, 2014 correspondence also refers to the alleged debt as "FCSI CASE #" 024939232.

8.      Upon receipt of Defendant's August 14, 2014 correspondence, I became concerned and fearful that Defendant's reference to a "Case #" and instructions to contact an "attorney" regarding "defenses" and Defendant's "remedies" pertained to legal action against me, including an immediate lawsuit, wage garnishment and/or property seizure as I associate such terms and phrases with lawsuits and litigation.

(Exhibit B).

Thus, Plaintiff has plead with exact efficiency the basis for her claims.  Plaintiff not only provided a copy of Defendant's August 14, 2014 letter, but went on to plead exactly the verbiage and language used in the letter which Plaintiff alleges is in violation.  Further, Plaintiff alleges in her Complaint that Defendant had no intention of initiating litigation against Plaintiff (including one of the several reasons why Plaintiff is informed and believes such) and that Defendant specifically intended to conjure up in Plaintiff a false belief that she would be served with litigation papers absent immediate payment (which Plaintiff also reduced to declaration form).  (Exhibit A, Exhibit B).  Plaintiff's Complaint could not have been more detailed and well plead.  Simply put, Plaintiff's Complaint is not the sort of bare minimum boilerplate Complaint that Rule 12 was meant to discourage.

As stated above, "the Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998).  In the present matter, Plaintiff has alleged specific conduct of the Defendant that clearly present enough factual support to withstand Defendant's faulty motion.  Defendant cannot in good-faith claim that based upon the alleged conduct complained of in Plaintiff's complaint that it appears *beyond a doubt* that Plaintiff can prove absolutely no set of facts that would entitle her to relief under § *1692d*.

Further, any determination as to whether or not the alleged conduct, is in fact, a violation of § *1692d* is a factual question that should be determined by the fact finder (jury in the present matter) and not by the court by way of Defendant's Motion to Dismiss as "[g]enerally, whether a defendant has violated the FDCPA is a question of fact to be resolved by the jury. *See United States v. ACB Sales & Serv., Inc.,* 590 F.Supp. 561, 570 (D.Ariz.1984)."  *Voris v. Resurgent Capital Services, L.P.* 494 F.Supp.2d 1156, 1163 ( S.D.Cal. 2007).    Further, according to the Seventh Circuit Court of Appeals, "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion  because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects."  *McMillan v. Collection Professionals, Inc. 455 F.3d 754, 759 (7th Cir. 2006)*.

Plaintiff has more than sufficiently plead facts that establish a claim for alleged violations of § *1692d* and this Court would be justified in agreeing with Plaintiff and denying Defendant's Motion in regards to Plaintiff's § *1692d* claim.

///

///

### 2.     Plaintiff's §§1692e, 1692e(4), 1692e(5) and 1692e(10) Claims are Well Plead and Should Not be Dismissed.

15 U.S.C. § 1692e provides that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> **(4)** The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

> **(5)** The threat to take any action that cannot legally be taken or that is not intended to be taken.

> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

In support of her claims, Plaintiff plead as follows in her Complaint:

> 10.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt stemming from a personal AT&T consumer account with an approximate balance of $74.57.

> 11.     In its ordinary course of business, Defendant sought to collect the alleged debt owed by sending Plaintiff collection notices ("dunning letters") via U.S. Postal Mail to Plaintiff's West New York, New Jersey residence.

> 12.     Defendant intentionally sent at least one (1) collection notice to Plaintiff during the months of June 2014 through August 2014.

> 13.     On or about August 14, 2014, Defendant caused to be mailed, and Plaintiff received, a collection notice seeking to collect the alleged debt.  (See Exhibit A).

> 14.     Defendant's August 14, 2014 collection notice, in pertinent part, reads:

"IF YOU ARE NOT PAYNG THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961" (See Exhibit A).

15.     Defendant's August 14, 2014 correspondence also refers to the alleged debt as "FCSI CASE #" 024939232.  (Exhibit A).

16.     Upon receipt of Defendant's August 14, 2014 correspondence, Plaintiff became concerned that Defendant's reference to a "Case #" and instructions to contact an "attorney" regarding "defenses" and Defendant's "remedies" pertained to legal action, including an immediate lawsuit, wage garnishment and/or property seizure.

17.     Defendant intended the August 14, 2014 correspondence to be interpreted as a reference to imminent legal action and other legal remedies absent immediate payment by Plaintiff.

18.     What is more, Defendant's August 14, 2014 correspondence refers to Defendant as a collection "firm." Defendant is a corporation engaged in debt collection and is not a "firm" as the least sophisticated consumer would interpret "firm" to me, i.e., a law firm.

19.     Plaintiff believes and thereon alleges that Defendant has no intention whatsoever to initiate litigation against Plaintiff for the alleged balance owed as the total sum due is $74.57 and thus any reference to a "Case #" and instructions to contact an "attorney" regarding Plaintiff's "defenses" and Defendant's "remedies" is a false threat of legal action which Defendant does not intend to carry out.

(Exhibit A).  Further, Plaintiff attached the August 14, 2014 correspondence to her Complaint and attached a declaration from Plaintiff which confirmed as follows:

I, Delon Clark, hereby state and declare as follows:

1.      I am an adult over the age of 18 and a resident of the City of West New York, State of New Jersey.

2.      I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3.      The alleged debt that Defendant sought to collect from me was for an allegedly unpaid AT&T account which was used for personal, family and/or household purposes.

4.      Defendant sent at least one (1) collection notice to me during the months of June 2014 through August 2014, seeking to collect the alleged AT&T debt.

5.      Sometime shortly after August 14, 2014, I received a collection notice from Defendant dated August 14, 2014.  A true and correct copy of that correspondence is attached to my Complaint as "Exhibit A."  I did not edit or alter "Exhibit A" to my Complaint in any way, shape or form.

6.      Defendant's August 14, 2014 collection notice read:

"IF YOU ARE NOT PAYNG THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961"

7.      Defendant's August 14, 2014 correspondence also refers to the alleged debt as "FCSI CASE #" 024939232.

8.      Upon receipt of Defendant's August 14, 2014 correspondence, I became concerned and fearful that Defendant's reference to a "Case #" and instructions to contact an "attorney" regarding "defenses" and Defendant's "remedies" pertained to legal action against me, including an immediate lawsuit, wage garnishment and/or property seizure as I associate such terms and phrases with lawsuits and litigation.

(Exhibit B).

Thus, Plaintiff has plead with exact efficiency the basis for her claims.  Plaintiff not only provided a copy of Defendant's August 14, 2014 letter, but went on to plead exactly the verbiage and language used in the letter which Plaintiff alleges is in violation.  Further, Plaintiff alleges in her Complaint that Defendant had no intention of initiating litigation against Plaintiff (including

one of the several reasons why Plaintiff is informed and believes such) and that Defendant specifically intended to conjure up in Plaintiff a false belief that she would be served with litigation papers absent immediate payment (which Plaintiff also reduced to declaration form). (Exhibit A, Exhibit B).  Plaintiff's Complaint could not have been more detailed and well plead. Simply put, Plaintiff's Complaint is not the sort of bare minimum boilerplate Complaint that Rule 12 was meant to discourage.

Again, "[g]enerally, whether a defendant has violated the FDCPA is a question of fact to be resolved by the jury. *See United States v. ACB Sales & Serv., Inc.,* 590 F.Supp. 561, 570 (D.Ariz.1984)." *Voris v. Resurgent Capital Services, L.P. 494 F.Supp.2d 1156, 1163 ( S.D.Cal. 2007).*   Further, according to the Seventh Circuit Court of Appeals, "We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion  because "district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects."   *McMillan v. Collection Professionals, Inc. 455 F.3d 754, 759 (7ᵗʰ Cir. 2006).*  Notwithstanding, Defendant moves to dismiss Plaintiff's Complaint operating under the impression that Plaintiff's well plead complaint does not sufficient plead a cause of action or at least creates a genuine question of fact that is best suited for the jury.

As whole, the crux of Defendant's argument is that because Defendant's letter, at best, made mere references to what "may" happen if Plaintiff did not make payment (as opposed to what "would" happen – the latter appearing more imminent), that Defendant's letter is not in violation of the FDCPA.  However, the Third Circuit Court of Appeals has rejected this notion in the matter of *Brown v. Card Service Center*, 464 F.3d 450 (3ʳᵈ Cir. 2006).  Per the *Brown* Court, the analysis does not simply end there: "[w]e disagree with the District Court because we

conclude that it would be deceptive under the FDCPA for CSC to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before." Id. at 455. The Court went on to state that: "In her complaint, Brown alleges that CSC never intended to file a suit against her for collection, never had any intention of referring her case to an attorney, and that as a matter of course, CSC does not 'refer class member's [sic] alleged debts to their attorney for prosecution, but only refer[s] the alleged debt(s) to another collection agency.' In light of these circumstances, Brown has stated a claim under § 1692e upon which relief can be granted." Id. at 455.

*Brown* is instructive at the very least in the present matter. Plaintiff alleges in her Complaint that Defendant's August 14, 2014 letter is rife with legal terminology such as "attorney", "remedies", "defenses", "firm" and "case number." (Exhibit A). As a result, Plaintiff alleges that she interpreted the letter to mean that absent payment, Defendant would initiate litigation and seek to attempt asset seizure. (Exhibit A). Plaintiff also plead in her Complaint that Defendant had no intention of carrying out such threats of litigation. (Exhibit A). Per the Third Circuit's ruling in *Brown*, Plaintiff has plead a cause of action under §1692e of the FDCPA and this Court should reject Defendant's contentions and deny its motion to dismiss. These well plead allegations are confirmed as valid and sufficient especially when reviewing the FTC' commentary to the FDCPA.

Pursuant to the FTC, a debt collector "may state that a certain action is possible, if it is true and such action is legal and is frequently taken by the collector or creditor with respect to similar debts", but whereas here when the collector, "has reason to know there are facts that make the action unlikely in the particular case, a statement that the action was possible would be misleading." *53 Red. Reg. 50097, 50106* (1988).

Defendant also seeks to dismiss Plaintiff's Complaint based upon the argument that the terminology used in its August 14, 2014 letter: such as "attorney", "firm", "remedies", "defenses" and "case number" are benign language that Plaintiff or a least sophisticated consumer would not, or could not, reasonably interpret as a threat of litigation.  However, similar language has been held to have the opposite effect on consumers throughout the country.

In the matter of *United States v National Action Financial Services, Inc.*, the District of Maryland specifically found the use of the word "remedies" to warrant a violation of the FDCPA.  The Court held that, "[t]he statement, '…I will be compelled to consider the use of *legal remedies* that may be available to effect collection', clearly implies that suit will be filed; to interpret it any other way would reduce it to nothing more than a threat to continue sending collection letters."  *U.S. v. Nat'l Action Financial Services, Inc.*, 820 F.Supp. 228, 234 (D. Maryland 1993)(emphasis in original).  In the matter of *Dewees v. Legal Servicing, LLC,* 506 F.Supp.2d 128, 134-135 (EDNY 2007), the Eastern District of New York denied a debt collector's motion to dismiss based upon a collection letter which stated that "This office may use any *legal remedies* permitted by law…"  The *Dewees* Court astutely held that "Plaintiff has adequately alleged that the Defendant threatened litigation."  *Id*. In the matter of *Withers v. Eveland*, 988 F.Supp. 942 (EDVA 1997), the Court held that "In addition, the letter indicated that if Withers failed to either contact Imperial Company or make payment in full, 'all legal remedies' would be pursued.  Under the standard adopted by the Fourth Circuit in analyzing FDCPA violations, an unsophisticated debtor would interpret such language to mean that immediate legal action would be taken for failure to pay the alleged debt.  Although Eveland did not explicitly state that legal action would in fact be taken, the implication is clear."  Id. at 946. Even cases cited to by Defendant in its opening brief confirm Plaintiff's position and her well

plead Complaint.  In *Nichols v.  Frederick J Hanna & Assoc.*, the Court denied to find a violation because **"[t]here is no mention of "litigation", "lawsuit", "court", or other like terms associated with legal action**." *Nichols*, 760 F.Supp.2d. 275, 280 (NDNY 2011)(emphasis added).  Here, as plead in Plaintiff's Complaint, Defendant's August 14, 2014 letter is rife with terminology that even the least sophisticated consumers associate with litigation.  These terms were not utilized by Defendant absent knowledge of this and despite Defendant's position to the contrary, Defendant's choice to use such words, and the resulting reaction by Plaintiff, warrant a denial of Defendant's faulty motion.

As stated above, "the Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.,* 135 F.3d 658, 661 (9th Cir.1998).  In the present matter, Plaintiff has alleged specific conduct of the Defendant that clearly present enough factual support to withstand Defendant's faulty motion.  Defendant cannot in good-faith claim that based upon the alleged conduct complained of in Plaintiff's complaint that it appears *beyond a doubt* that Plaintiff can prove absolutely no set of facts that would entitle her to relief under § *1692e, 1692e(4), 1692e(5) and 1692e(10).*

Plaintiff has more than sufficiently plead facts that establish a claim for alleged violations of § *1692d* and this Court would be justified in agreeing with Plaintiff and denying Defendant's Motion in regards to Plaintiff's § *1692*e, *1692e(4), 1692e(5) and 1692e(10)* claims.

**IV     CONCLUSION**

For the reasons argued *supra*, Plaintiff's Complaint sufficiently pleads facts to bring a cause of action against Defendant for violation of the FDCPA. Plaintiff has clearly and concisely pled facts that put the Defendant on notice of the relief sought and the grounds for such.  Neither

the United States Supreme Court nor the Federal Rules of Civil Procedure require anything more.  Accordingly, this Court should deny Defendant's Motion to Dismiss.  In the alternative, Plaintiff hereby requests Leave of Court to file a First Amended Complaint.

Respectfully submitted,

**LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**
By: /s/ David P. Force
David P. Force, Esq.
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: 201-461-0059
Facsimile: 201-608-7116
Email: david@lupoloverlaw.com
Attorney for the Plaintiff Delon Clark

**PROOF OF SERVICE**

I, David P. Force, state the following:

I am employed in Englewood Cliffs, New Jersey; I am over the age of 18 and am not a party to this action; my business address is 120 Sylvan Avenue, Suite 300, Englewood Cliffs, NJ 07632

On May 23, 2015, I served the following documents:

**OPPOSITION TO MOTION TO DISMISS**

On the parties listed below:

Cindy D. Salvo, Esq.
The Salvo Law Firm, PC
185 Fairfield Ave., Ste. 3C/3D
West Caldwell, NJ 07006

By the following means of service:

[X]   **BY ELECTRONIC CASE FILING:** I filed the submitted the document listed above via the court's Electronic Case Filing (ECF) system which provides electronic mail (email) service of the listed document directly to the party listed above to his/her "email address of record."

[X]   **STATE:** I declare under penalty of perjury under the laws of New Jersey that the above is true and correct.

Executed on March 23, 2015, at Englewood Cliffs, New Jersey.

By:  /s/ David P. Force
David P. Force