NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DELON CLARK,** | Docket No.: 14-cv-8067 |
| Plaintiff, | |
| v. | OPINION |
| **FRANKLIN COLLECTION SERVICE, INC.,** | |
| Defendant. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Delon Clark's one-count Complaint alleges that Defendant Franklin Collection Service Inc. sent him a debt-collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

Before the Court is Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. L. Civ. R. 78.1. For the reasons set forth below, the Motion is granted.

I.   BACKGROUND

Several times prior to the filing of the instant Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt stemming from a personal AT&T consumer account with an approximate balance of $74.57. In its ordi-

nary course of business, Defendant sought to collect the alleged debt owed by sending Plaintiff collection notices to Plaintiff's residence. Notably, Plaintiff does not plead that he never did business with AT&T or never incurred the debt.

On or about August 14, 2014, Plaintiff received a collection notice seeking to collect the alleged debt. Defendant's August 14, 2014 collection notice, in pertinent part, reads:

> IF YOU ARE NOT PAYING THIS AT&T ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES AND YOUR DEFENSES, OR CALL (888) 215-8961

Plaintiff alleges that this letter violated the following provisions of the FDCPA:

**(a) 15 U.S.C. § 1692d** for engaging in conduct, the natural consequence of which, is the abuse, annoyance or harassment of Plaintiff;

**(b) 15 U.S.C. § 1692e** for utilizing false and deceptive practices in connection with collection of the alleged debt;

**(c) 15 U.S.C. § 1692e(4)** by making the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action;

**(d) 15 U.S.C. § 1692e(5)** by making the threat to take any action that cannot legally be taken or that is not intended to be taken; and

**(e) 15 U.S.C. § 1692e(10)** by utilizing false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the

complaint as true and view them in the light most favorable to the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* at 678.

## III.   DISCUSSION

The court construes the FDCPA's language broadly because it is a remedial statute. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006). Accordingly, the court analyzes communications from lenders to debtors from the perspective of the "least sophisticated debtor." *Id; see also Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). The "least sophisticated debtor" standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Wilson v. Quadramed Corp.*, 225 F.3d at 354.

Although the least sophisticated debtor standard is highly deferential to the debtor, it still presumes "a basic level of understanding and willingness to read with care." *Wilson v. Quadramed*, 225 F.3d 350 at 354-55. The least sophisticated debtor standard is not intended to create "liability for bizarre or idiosyncratic interpretations of collection notices." *Id.* at 354. It preserves "a quotient of reasonableness." *Id.* Rulings that ignore the rational characteristics of even the least sophisticated debtor and "instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor frustrate Congress's intent to 'insure that those debt collectors who refrain from using abusive

3

debt collection practices are not competitively disadvantaged.'" *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008) (*quoting* 15 U.S.C. § 1692(e)).

Plaintiff is seeking recourse under the sections of the FDCPA that broadly prohibit harassment and abuse, 15 U.S.C. § 1692d, and false statements or misrepresentations, 15 U.S.C. § 1692e.

There is nothing in the tone or content of the letter that is abusive or harassing. It merely puts Plaintiff on notice of the debt and informs Plaintiff that he should take one of three actions: pay the debt, call the Defendant, or consult a lawyer about the possible consequences of doing neither.  The letter does not make any statement that would coerce or mislead even the least sophisticated debtor into thinking he would have to pay the debt in order to avoid some immediate consequence.

In terms of false representations and deception, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.*, 464 F.3d at 455.  In this case, there are not two meanings.  The letter announces the existence of a debt and advises that Plaintiff pay it, call the Defendant, or speak to an attorney.

Defendant also alleges in the Complaint that the letter was deceptive because "Defendant has no intention whatsoever to initiate litigation." (Complaint at ¶ 19). The Third Circuit has stated that "it would be deceptive under the FDCPA for [a debt collector] to assert that it *could* take an action that it had no intention of taking and has never or very rarely taken before." *Brown v. Card Serv. Ctr.*, 464 F.3d at 455.  It may be true that the Defendant never intended to initiate litigation against Plaintiff, but Defendant's intent to litigate is irrelevant because the letter makes no express or implied threat of litigation.  The use of words like "remedies," "defenses," "firm," "case," and "attorney" do allude to legal rights, but the link to litigation is too tenuous to find that an unsophisticated debtor would think a lawsuit was going to be initiated against him if he did not pay the debt.  There is moreover no representation of "arrest, imprisonment, seizure, garnishment, [or] attachment," 15 U.S.C. § 1692e(4).

In any effort to collect an unpaid debt, litigation is a theoretical possibility. Any legal terms like "rights," "defenses," "attorney," "firm," and "case" can evoke the idea of litigation.  Thus, it is impossible not to place a debtor in some degree of apprehension of litigation when he or she receives a debt collection notice.  Where the communication crosses the line from being informative and suggestive to being objectively threatening or deceptive to an unsophisticated debtor – that is where a

4

court must draw the line between legal and illegal behavior.  By merely informing the debtor that there is an outstanding debt and that the debtor should explore his options with the debt collector or a lawyer, the Defendant did not cross that line.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is **GRANTED**.  An appropriate Order follows.

/s/ William J. Martini

_____
 **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 2, 2015**